By the Court.
The court of insolvency found in favor of the former wife on the contempt charges. On prosecution of error to the court of appeals, that court reversed upon the ground that the court of insolvency had no jurisdiction to make the order of alimony in the original case.
Clearly the original judgment for divorce and alimony has in its favor the presumption of validity. That presumption is general, and therewith is the further presumption that the court had before it proper and sufficient evidence to support its judgment.
If the trial court failed in jurisdiction, or failed by reason of incompetent or insufficient evidence, the party prejudiced might have prosecuted appeal or error to the higher court.
The defendant in error in this case not only failed to prosecute appeal or error for more than six years, but reinforced the presumption of validity by concurring in that judgment and making the payments of alimony in accordance therewith.
To all legal intents and purposes that judgment was a final and valid judgment against the defendant, unreversed and unmodified for a period of more than six years. He cannot thereafter in a proceeding in contempt for failure to continue obedience to the order raise the question of original jurisdiction to make the order, based upon what the evidence *678 was in the original hearing on divorce and alimony.
Clearly as a matter of common sense, .common law, and common justice, he ought not, after concurring in the order for six years, be thereafter heard to complain by a collateral attack in a contempt proceeding. If he had any remedy whatsoever, it was by motion to modify the former order.

Judgment reversed.

Johnson, Wanamaker, Robinson, Jones and Matthias, JJ., concur.
Marshall, C. J., concurs in the judgment.